UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. SMITH,

    Plaintiff,

v.                                                      Case No. 17-12938

STEPHANIE BEECH,                         HON. AVERN COHN
TERRY WEBB, KEVIN KARSON,
JOHN WILLIAMS,

    Defendants.
_____/

## ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND
## DISMISSING COMPLAINT

I.

Plaintiff Michael Smith[1] proceeding pro se, has filed a complaint naming Stephanie Beech, Terry Webb, Kevin Karson, and John Williams as defendants. For the reasons that follow, the complaint will be dismissed.

II.

Plaintiff seeks to proceed in forma pauperis. Based upon the information in plaintiff's "Application to Proceed In Forma Pauperis," the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status.

III.

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if it

---

[1]A review of the Court's electronic filing system reveals that plaintiff has filed at least two other pro se cases in this district. The first case was dismissed as frivolous. See Smith v. Dillard, 06-13154. The second case was filed the same day as the instant case and is against some of the same defendants but appears to involve different conduct. See Smith v. Webb, 17-12939.

determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic", or "delusional." Id. at 327-28.

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction."). A district court may also dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974).

Finally, the Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

IV.

The Court has read the complaint. From what can be gleaned, plaintiff says that defendants, who appear to be police officers, have harassed him, fabricated charges

2

against him which lead to his arrest in state court without a warrant and resulted in him having to go to jail. The complaint is subject to dismissal for several reasons.

First, to the extent plaintiff is challenging actions which took place in state court, this case is barred by the Rooker-Feldman doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. To the extent plaintiff is seeking federal court review of what occurred in the state courts, the Rooker-Feldman doctrine precludes the exercise of federal jurisdiction. Thus, the complaint is subject to dismissal on this ground.

Second, the complaint is also subject to dismissal based on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, the Supreme Court held that a plaintiff cannot recover damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff first shows "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ...." Id. at 486-87. Here, to the extent plaintiff is challenging and seeking damages arising from state court proceedings, he has not said that any state court order has been reversed or called into

3

question. Under these circumstances, the complaint is barred by Heck.

Finally, the complaint is subject to dismissal because it fails to articulate a discrete claim or allege a basis for jurisdiction. The complaint does not cite a statute, state or federal, in support of plaintiff's allegations. Affording the complaint a liberal read, plaintiff appears to allege a claim under 42 U.S.C. § 1983. However, in order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." Leach v. Shelby Cnty. Sheriff, 891 F.2d 1241, 1244 (6th Cir.1989). Allegations of verbal harassment and abuse, however, fail to state a claim under § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). The complaint fails to allege the elements of a § 1983 claim.

V.

Overall, even under a liberal pleading standard, the complaint fails to articulate a viable claim against any of the defendants. The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

                                          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: September 15, 2017
      Detroit, Michigan